## THE POTOMAC.

(District Court, N. D. New York. March 8, 1895.)

SEAMEN'S WAGES—EXTRA COMPENSATION.

A claim for extra wages for work performed by seamen, in port, in assisting stevedores to unload and reload the vessel, at the request of the master and upon his promise to pay at the same rate the stevedores were receiving, will be enforced against the vessel, especially when the owner has recognized the justice of the demand by paying part of the mariners rendering such work. These circumstances take the case out of the established rule that seamen must not expect extra compensation for services rendered in their capacity as such.

This was a libel by seamen against the Potomac to recover extra wages.

Urban C. Bell, for libelants.

Vernon Cole, for respondent.

COXE, District Judge. If I thought that a decree for the libelants involved a departure from the old and salutary rule that seamen must not expect extra compensation for services rendered in their capacity as seamen, no matter how arduous or meritorious they may be, I should dismiss the libel. It would lead to gross insubordina-

tion and increase the difficulties and dangers of navigation immeasurably if the court should sanction the idea that a seaman may refuse to obey the master's orders on the ground that the work he is directed to perform is "extra" and entitles him to additional compensation. The facts in this case, however, take it out of the general rule and preclude the possibility of its ever being used as a precedent for a departure from or relaxation of the rule. The Potomac was in port at the time in question. The work was partly on the vessel and partly on shore and consisted in unloading and reloading a part of her cargo. There were from 40 to 50 stevedores engaged in this business and the master promised the libelants and other members of the crew that if they went to work they should receive the same pay as the stevedores. The master admits the agreement and recognizes its fairness. The claimant also has conceded the justice of the claim by paying all of the mariners, pursuant to the agreement, except these libelants. The record discloses no reason for this apparently unfair discrimination. The libelants are entitled to a decree for $21, interest and costs.